UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES SCARBROUGH, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.  2:15-cv-155-WTL-WGH |
| | ) |
| SPEEDWAY LLC, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiff's motion to remand (Dkt. No. 6).  The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I.   BACKGROUND

Plaintiff James Scarbrough, II slipped on a walkway covered in ice at a Speedway gas station in Terre Haute, Indiana.  He suffered injuries to his shoulder as a result of his fall.  He filed a lawsuit alleging one count of negligence against Defendant Speedway LLC, in Vigo Superior Court.  Speedway removed the case to this Court on May 29, 2015, alleging diversity jurisdiction.

### II.   DISCUSSION

Scarbrough moves to remand this action to state court, arguing—solely—that the removal was untimely.  Originally, Scarbrough named both Speedway and Emro Marketing Co. as Defendants in this lawsuit.  Scarbrough was noted to be a resident of the State of Indiana, Speedway's principal place of business was in the State of Ohio, and Emro was noted own, manage, and maintain the Speedway gas station in Terre Haute, Indiana. *See* Dkt. No. 1-1, Pl.'s

Comp. ¶¶ 1-2. Emro filed a motion to dismiss on February 4, 2015, noting that "Emro Marketing Co. was dissolved on December 31, 1997 and no longer exists. The entity operating the Speedway store in question on the date of the alleged incident is Speedway LLC." Dkt. No. 1-1. The parties later stipulated to the dismissal of Emro. *Id*.

Scarbrough argues, therefore, that Speedway's removal was untimely because it knew that removal was appropriate as of February 4, 2015, the date it moved to dismiss Emro because it ceased to exist. In other words, after Emro was dismissed, Scarbrough argues that Speedway should have known that diversity jurisdiction existed—the Plaintiff was a citizen of Indiana and the Defendant was a citizen of Ohio—and removed the case within the thirty-day timeframe provided by 28 U.S.C. § 1446(b)(1). This provision provides the following:

> [N]otice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Speedway, however, correctly directs the Court to 28 U.S.C. § 1446(b)(3). This provision provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

In such instances, "[t]he 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

Speedway notes that "the case was removed within 30 days after receipt of 'paper,' plaintiff's responses to defendant's Interrogatories and Request for Production of Documents, indicating for the first time that the case was removable based on diversity between the parties and an amount in controversy, exclusive of interests and costs, exceeding $75,000." Def.'s Br. at 1.  Speedway notes that on May 4, 2015, it received discovery responses from Scarbrough.  "In those responses, plaintiff stated that []he had sustained a torn rotator cuff and torn bicep tendon, received a 10% permanent partial impairment of [his] shoulder, lost income of approximately $7,000, and incurred medical expenses in excess of $49,000." Dkt. No. 9-1 ¶ 7.  It was at this time that Speedway realized the amount in controversy exceed $75,000, and that the case was removable. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]");  *see also* Dkt. No. 1-1, Pl.'s Compl. ¶ 6 (noting that Scarbrough "incurred severe pain and suffering").  Thus, "within 30 days of receipt of paper establishing its basis for removal," Speedway filed its Notice of Removal. *Id*. ¶ 9; *see Walker*, 727 F.3d at 824 ("With respect to the jurisdictional amount in particular, [] a specific, unequivocal statement from the plaintiff regarding the damages sought [is required]."). Simply put, Speedway's removal was timely.

Consistent with Local Rule 81-1, within fourteen days of the date of this Entry, Scarbrough is **ORDERED** to file a notice with the Court responding to Speedway's assertion that "[t]here is no dispute that the parties are diverse or that the amount in controversy exceeds $75,000." Def.'s Br. at 3.  This will ensure this Court has proper jurisdiction over this case.

### III.    CONCLUSION

The Plaintiff's motion to remand (Dkt. No. 6) is **DENIED**.

SO ORDERED: 8/7/15                                     _William T Lawrence_

                                                     Hon. William T. Lawrence, Judge
                                                     United States District Court
                                                     Southern District of Indiana

Copies to all counsel of record via electronic communication